**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**



KAMILYA NUTTER, on behalf of herself and all others similarly situated,

Civil Action No.:

                      Plaintiffs,

-against-

JACARANDA CLUB, LLC, d/b/a/ SAPPHIRE NEW YORK, JACARANDA HOLDINGS, LLC, SAPPHIRE NY, LLC, CLUB AT 60TH ST., INC., DAVID MICHAEL TALLA, JEFFREY WASSERMAN, and GLEN PETER BERNARDI,

**CLASS AND COLLECTIVE ACTION COMPLAINT**

                      Defendants.

Plaintiff KAMILYA NUTTER, individually and on behalf of all others similarly situated, as class representative, upon personal knowledge as to herself, and upon information and belief as to other matters, alleges as follows:

## INTRODUCTION

1.       This case seeks to redress the willful and continuous violations of the wage and hour and employment rights of exotic entertainers (dancers) who are presently or were formally employed by JACARANDA CLUB, LLC d/b/a SAPPHIRE NEW YORK (hereinafter referred to as "Sapphire"), JACARANDA HOLDINGS, LLC, SAPPHIRE NY, LLC, CLUB AT 60TH ST., INC., DAVID MICHAEL TALLA, JEFFREY WASSERMAN, and GLEN PETER BERNARDI, (hereinafter collectively referred to as "Defendants"). Like other "club owners", Defendants have systemically violated the rights of the class members under the Fair Labor Standards Act ("FLSA") and New York State Labor Law ("Labor Law").

2.       Over the years, entertainers at adult clubs like Sapphire have successful shown that the industry has denied the dancers their statutory compensation under the FLSA and state labor

1

laws. Despite the numerous determinations of courts throughout the country that the compensation structure for dancers violated the FLSA and state labor laws, the club's greed overrode their well-settled obligations to their employees. Sapphire, a popular New York City adult club, is one such club.

3.  Misclassifying the dancers as independent contractors in order to deprive them of their rights to minimum wage, overtime, spread of hours pay and their commissions under federal and New York State wage and hour laws, Sapphire has lined their own pockets at the expense of the employees.

4.  Shockingly, Defendants have a long history of wage and hour and employment law violations at Sapphire. In fact, Defendants were subject to two consecutive wage and hour and employment lawsuits brought on behalf of a class entertainers employed at Sapphire.

5.  The first action was commenced on December 29, 2009 when the plaintiff, a former Sapphire entertainer named Nicole Hughes, filed a lawsuit against the same Defendants named herein. (*See Nicole Hughes v. Jacaranda Club, LLC, et al.,* Civil Action No. 09-CV-10671 (RJS)). Hughes, acting on behalf of herself and all other similarly situated Sapphire employees, alleged that beginning in December of 2003, Defendants, in violation of the FLSA and NYLL, failed to pay their entertainers minimum wages and improperly withheld wages owed to plaintiff and the class (Dkt. 1). On July 13, 2010, the parties appeared for a settlement fairness hearing before the Honorable Richard J. Sullivan (Dkt. 24). On August 2, 2010, pursuant to Judge Sullivan's order, the parties filed a Stipulation of Discontinuance whereby the parties agreed to discontinue the matter with prejudice (Dkt. 27).

6.  On June 22, 2011, less than one year after the Hughes matter was discontinued, a Sapphire entertainer named Ain Lotz commenced a second wage and hour class action lawsuit

against Defendants. (*See Ain Lotz v. Jacaranda Club, LLC, et al.*, Civil Action No. 11-CV-4255 (SAS)). Lotz's class action complaint set forth allegations that were nearly identical to those alleged previously in the *Hughes* matter – i.e. that beginning in 2005 Defendants unlawfully withheld minimum wages and other wages owed to plaintiff ad the class in violation of the FLSA and NYLL (Dkt. 1). On September 16, 2011, Defendants filed their Answer and Counterclaims and the Honorable Shira A. Scheindlin scheduled an Initial Conference for November 15, 2011 (Dkt. 8 & 9). On November 15, 2011, Judge Scheindlin was notified that the parties had reached a resolution and he Court ordered the action discontinued with prejudice (Dkt. 11).

7.      Since the *Lotz* matter was resolved in November of 2011 and, upon information and belief, continuing through the present, Defendants have maintained the same unlawful employment practices that were being challenged in the *Hughes* and *Lotz* matters. As set forth in further detail below, Defendants, in violation of the FLSA and NYLL, have displayed a willful disregard for the rights of their employees.

8.      As a result of Sapphire's blatant improper employment practices, Plaintiff and those similarly situated with her, are entitled to substantial compensatory, liquidated and punitive damages.

## THE IMPROPER EMPLOYMENT PRACTICES

9.      Sapphire fails to pay entertainers the statutory minimum hourly wage, premium overtime compensation for all of the hours they work in excess of 40 hours per workweek, and spread-of-hours pay when the length of their workday is greater than 10 hours.

10.     Despite similar situated clubs using the same improper independent contractor designations for the dancers and having been determined to be improperly collecting "house" fees, Sapphire did so and continues to do so, from entertainers for each shift that they work. Sapphire

also require entertainers to pay additional house fees as "fines" if they are late or if they are unable to work a scheduled shift.

11.     Sapphire prohibits entertainers from keeping all of the tips that they earn, by requiring entertainers to share their tips with workers who do not provide customer service, including but not limited to "House Moms" and DJs.

12.     Sapphire encourages customers to tip entertainers using club scrip, which customers purchase from the club to use instead of cash. When an entertainer receives a tip from a customer in club scrip, Sapphire deducts and retains a portion of the tip when the entertainer exchanges the club scrip for cash. Consequently, customers who believe they are tipping entertainers a certain amount are actually tipping them less.

13.     Sapphire requires entertainers to wear club-approved uniforms, but refuses to provide the dancers the costs of the uniforms or for their maintenance and upkeep.

### THE PLAINTIFF'S CLAIMS

14.     Plaintiff Kamilya Nutter brings this action on behalf of herself and all similarly situated current and former entertainers who elect to opt-in to this action pursuant to 29 U.S.C. § 216(b),  the collective action provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*

15.     Plaintiff also asserts New York State law claims on behalf of herself and all similarly situated current and former entertainers pursuant to Federal Rule of Civil Procedure 23 to remedy violations of the New York Labor Law ("NYLL"), Article 6, §§ 190 *et seq.,* and Article 19, §§ *650 et seq.,* and the supporting New York State Department of Labor Regulations.

### THE PARTIES

**Plaintiff**

16.     Kamilya Nutter ("Ms. Nutter") is an adult individual who is a resident of New Jersey.

17.     Ms. Nutter was employed by Defendants as an entertainer at Sapphire from in or around December 2011 through September 2013.

18.     Ms. Nutter is a covered employee within the meaning of the FLSA and the NYLL.

19.     A written consent form for Ms. Nutter is being filed with this Class Action Complaint.

**Defendants**

20.     Defendants jointly employed Plaintiff and similarly situated employees at all times relevant.

21.     Each Defendant has had substantial control over Plaintiff's and similarly situated employees' working conditions, and over the unlawful policies and practices alleged herein.

**Jacaranda Club, LLC**

22.     Jacaranda Club, LLC ("Jacaranda") has owned and/or operated Sapphire during the relevant period.

23.     Jacaranda is a domestic limited liability corporation organized and existing under the laws of New York.

24.     Upon information and belief, Jacaranda's principal executive office is located at 333 E. 60th Street, New York, New York, the address of Sapphire.

25.     Jacaranda Club, LLC is the "Premises Name" that appears on the New York State Liquor Authority license for the premises doing business as "SAPPHIRE," located at "333 E 60ST, NEW YORK, NY 10022."

26.     Jacaranda is a covered employer within the meaning of the FLSA and the NYLL, and, at all times relevant, employed Plaintiff and similarly situated employees.

27.     At all relevant times, Jacaranda has maintained control, oversight, and direction over Plaintiff and similarly situated employees, including timekeeping, payroll and other employment practices that applied to them.

28.     Jacaranda applies the same employment policies, practices, and procedures to all entertainers, including policies, practices, and procedures with respect to payment of minimum wage, overtime compensation, spread-of-hours pay, customer tips, and uniform-related expenses, and the making of unlawful deductions.

29.     Upon information and belief, at all relevant times, Jacaranda's annual gross volume of sales made or revenue generated exceeded $500,000.00.

**Jacaranda Holdings, LLC**

30.     Together with the other Defendants, Jacaranda Holdings, LLC. ("Jacaranda Holdings") has owned and/or operated Sapphire during the relevant period.

31.     Jacaranda Holdings is a domestic limited liability corporation organized and existing under the laws of New York.

32.     Upon information and belief, Jacaranda Holdings' principal executive office is located at 1803 Pontius Avenue, Los Angeles, California, 90025.

33.     Jacaranda Holdings is identified by the New York State Liquor Authority as a "Principal" for the premises named "JACARANDA CLUB LLC" and the premises doing business as "SAPPHIRE," located at "333 E 60TH ST, NEW YORK, NY 10022."

34.     Jacaranda Holdings is a covered employer within the meaning of the FLSA and the NYLL, and, at all times relevant, employed Plaintiff and similarly situated employees.

35.     At all relevant times, Jacaranda Holdings has maintained control, oversight, and direction over Plaintiff and similarly situated employees, including timekeeping, payroll and other employment practices that applied to them.

36.     Three Jacaranda Holdings applies the same employment policies, practices, and procedures to all entertainers, including policies, practices, and procedures with respect to payment of minimum wage, overtime compensation, spread-of-hours pay, customer tips, and uniform-related expenses, and the making of unlawful deductions.

37.     Upon information and belief, at all relevant times, Jacaranda Holdings' annual gross volume of sales made or business done was not less than $500,000.00.

**Sapphire NY, LLC**

38.     Together with the other Defendants, Sapphire NY, LLC ("Sapphire NY") has owned and/or operated Sapphire during the relevant period.

39.     Sapphire NY is a domestic limited liability corporation organized and existing under the laws of New York.

40.     Sapphire NY is a covered employer within the meaning of the FLSA and the NYLL, and, at all times relevant, employed Plaintiff and similarly situated employees.

41.     At all relevant times, Sapphire NY has maintained control, oversight, and direction over Plaintiff and similarly situated employees, including timekeeping, payroll and other employment practices that applied to them.

42.     Sapphire NY applies the same employment policies, practices, and procedures to all entertainers, including policies, practices, and procedures with respect to payment of minimum wage, overtime compensation, spread-of-hours pay, customer tips, and uniform-related expenses, and the making of unlawful deductions.

43.    Upon information and belief, at all relevant times, Sapphire NY's annual gross volume of sales made or business done was not less than $500,000.00.

**Club at 60th St., Inc.**

44.    Together with the other Defendants, Club at 60th St., Inc. ("Club 60") has owned and/or operated Sapphire during the relevant period.

45.    Club 60 is a domestic business corporation organized and existing under the laws of New York.

46.    Upon information and belief, Club 60's principal executive office is located at 1803 Pontius Avenue, Los Angeles, California, 90025.

47.    Club 60 is a covered employer within the meaning of the FLSA and the NYLL, and, at all times relevant, employed Plaintiff and similarly situated employees.

48.    At all relevant times, Club 60 has maintained control, oversight, and direction over Plaintiff and similarly situated employees, including timekeeping, payroll and other employment practices that applied to them.

49.    Club 60 applies the same employment policies, practices, and procedures to all entertainers, including policies, practices, and procedures with respect to payment of minimum wage, overtime compensation, spread-of-hours pay, customer tips, and uniform-related expenses, and the making of unlawful deductions.

50.    Upon information and belief, at all relevant times, Club 60's annual gross volume of sales made or business done was not less than $500,000.00.

**David Michael Talla**

51.     Upon information and belief, David Michael Talla ("Talla") is a resident of the State of New York, and is, at all relevant times was, an officer, director, president, vice president, and/or owner Jacaranda.

52.     Talla is identified by the New York State Liquor Authority as a "Principal" for the premises named "JACARANDA CLUB LLC" and the premises doing business as "SAPPHIRE," located at "333 E 60TH ST, NEW YORK, NY 10022."

53.     At all relevant times, Talla has had the power over personnel decisions at Sapphire, including the power to hire and fire employees, set their wages, and otherwise control the terms and conditions of their employment.

54.     At all relevant times, Talla has had power over payroll decisions at Sapphire, including the power to retain time and/or wage records.

55.     At all relevant times, Talla has been actively involved in managing the day to day operations of Sapphire.

56.     At all relevant times, Talla has had the power to stop any illegal pay practices that harmed Plaintiff and similarly situated employees.

57.     During Plaintiff's employment at Sapphire, Talla was generally present at the club multiple times per week and repeatedly held meetings with entertainers regarding club rules.

58.     At all relevant times, Talla has had the power to transfer the assets and/or liabilities of Sapphire.

59.     At all relevant times, Talla has had the power to declare bankruptcy on behalf of Sapphire.

60.     At all relevant times, Talla has had the power to enter into contracts on behalf of Sapphire.

61.     At all relevant times, Talla has had the power to close, shut down, and/or sell Sapphire.

62.     Talla is a covered employer within the meaning of the FLSA and the NYLL, and, at all times relevant, employed and/or jointly employed Plaintiff and similarly situated employees.

**Jeffrey Wasserman**

63.     Upon information and belief, Jeffrey Wasserman ("Wasserman") is a resident of the State of New York, and is, at all relevant times was, an officer, director, president, vice president, and/or owner Jacaranda.

64.     At all relevant times, Wasserman has had the power over personnel decisions at Sapphire, including the power to hire and fire employees, set their wages, and otherwise control the terms and conditions of their employment.

65.     At all relevant times, Wasserman has had power over payroll decisions at Sapphire, including the power to retain time and/or wage records.

66.     At all relevant times, Wasserman has been actively involved in managing the day to day operations of Sapphire.

67.     At all relevant times, Wasserman has had the power to stop any illegal pay practices that harmed Plaintiff and similarly situated employees.

68.     At all relevant times, Wasserman has had the power to transfer the assets and/or liabilities of Sapphire.

69.     At all relevant times, Wasserman has had the power to declare bankruptcy on behalf of Sapphire.

70.     At all relevant times, Wasserman has had the power to enter into contracts on behalf of Sapphire.

71.    At all relevant times, Wasserman has had the power to close, shut down, and/or sell Sapphire.

72.    Wasserman is a covered employer within the meaning of the FLSA and the NYLL, and, at all times relevant, employed and/or jointly employed Plaintiff and similarly situated employees.

**Glen Peter Bernardi**

73.    Upon information and belief, Glen Peter Bernardi ("Bernardi") is a resident of the State of New York, and is, at all relevant times was, an officer, director, president, vice president, and/or owner Jacaranda.

74.    At all relevant times, Bernardi has had the power over personnel decisions at Sapphire, including the power to hire and fire employees, set their wages, and otherwise control the terms and conditions of their employment.

75.    At all relevant times, Bernardi has had power over payroll decisions at Sapphire, including the power to retain time and/or wage records.

76.    At all relevant times, Bernardi has been actively involved in managing the day to day operations of Sapphire.

77.    At all relevant times, Bernardi has had the power to stop any illegal pay practices that harmed Plaintiff and similarly situated employees.

78.    At all relevant times, Bernardi has had the power to transfer the assets and/or liabilities of Sapphire.

79.    At all relevant times, Bernardi has had the power to declare bankruptcy on behalf of Sapphire.

80.     At all relevant times, Bernardi has had the power to enter into contracts on behalf of Sapphire.

81.     At all relevant times, Bernardi has had the power to close, shut down, and/or sell Sapphire.

82.     Bernardi is a covered employer within the meaning of the FLSA and the NYLL, and, at all times relevant, employed and/or jointly employed Plaintiff and similarly situated employees.

## JURISDICTION AND VENUE

83.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337, and jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

84.     This Court also has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

85.     This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

86.     Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391 (b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## COLLECTIVE ACTION ALLEGATIONS

87.     Plaintiff Ms. Nutter brings the First and Second Causes of Action, FLSA claims, on behalf of herself and all similarly situated persons who work or have worked as entertainers at Sapphire in New York, who elect to opt-in to this action (the "FLSA Collective").

88.     Defendants are liable under the FLSA for, *inter alia,* failing to properly compensate Plaintiff and the FLSA Collective.

89.     Consistent with Defendants' policy and pattern or practice, Plaintiff and the FLSA Collective were not paid minimum wages for all hours worked or the appropriate premium overtime compensation for all hours worked beyond 40 per workweek.

90.     All of the work that Plaintiff and the FLSA Collective have performed has been assigned by Defendants, and/or Defendants have been aware of all of the work that Plaintiff and the FLSA Collective have performed.

91.     As part of their regular business practice, Defendants have intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiff and the FLSA Collective. This policy and pattern or practice includes, but is not limited to:

        a.  willfully failing to pay its employees, including Plaintiff and the FLSA Collective, minimum wages for all hours worked and the appropriate premium overtime wages for all hours worked in excess of 40 hours in a workweek; and

        b.  willfully failing to record all of the time that its employees, including Plaintiff and the FLSA Collective, have worked for the benefit of Defendants.

92.     Defendants' unlawful conduct, as described in this Class Action Complaint, is pursuant to a corporate policy or practice of minimizing labor costs by misclassifying Plaintiff and the FLSA Collective as independent contractors, and failing to properly compensate Plaintiff and the FLSA Collective for the hours they work.

93.     Defendants are aware or should have been aware that federal law required them to pay Plaintiff and the FLSA Collective minimum wage for all of the hours they worked and overtime premiums for hours worked in excess of 40 hours per week.

94.     Plaintiff and the FLSA Collective perform or performed the same primary duties.

95.     Defendants' unlawful conduct has been widespread, repeated, and consistent.

96.     There are many similarly situated current and former entertainers who have been denied minimum wage and overtime compensation in violation of the FLSA who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it. This notice should be sent to the FLSA Collective pursuant to 29 U.S.C. § 216(b).

97.     Those similarly situated employees are known to Defendants, are readily identifiable, and can be located through Defendants' records.

98.     In recognition of the services Plaintiff has rendered and will continue to render to the FLSA Collective, Plaintiff will request payment of service awards upon resolution of this action.

## CLASS ACTION ALLEGATIONS

99.     Plaintiff brings the Third, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, and Tenth Causes of Action, NYLL claims, under Rule 23 of the Federal Rules of Civil Procedure, on behalf of themselves and a class of persons consisting of:

> All persons who work or have worked as entertainers (dancers) at Sapphire in New York between March 2, 2009 and the date of final judgment in this matter (the "Rule 23 Class").

100.     Excluded from the Rule 23 Class are prior claims that were asserted for the relevant time period in (1) *Nicole Hughes v. Jacaranda Club, LLC, et al.,* Civil Action No. 09-CV-10671; and (2) *Ain Lotz v. Jacaranda Club, LLC, et al.,* Civil Action No. 11-CV-4255 up to and including the final release date, Defendants, Defendants' legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Defendants; the Judge(s) to whom this case is assigned and any member of

the Judges' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the Rule 23 Class.

101.    The members of the Rule 23 Class are so numerous that joinder of all members is impracticable. Upon information and belief, the size of the Rule 23 Class is at least 100 individuals. Although the precise number of such employees is unknown, the facts on which the calculation of that number depends are presently within the sole control of Defendants.

102.    Defendants have acted or have refused to act on grounds generally applicable to the Rule 23 Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Rule 23 Class as a whole.

103.    Common questions of law and fact exist as to the Rule 23 Class that predominate over any questions only affecting them individually and include, but are not limited to, the following:

a.  whether Defendants violated NYLL Articles 6 and 19, and the supporting New York State Department of Labor Regulations;

b.  whether Defendants misclassified Plaintiff and the Rule 23 Class as independent contractors rather than employees;

c.  whether Defendants failed to pay Plaintiff and the Rule 23 Class minimum wages for all of the hours they worked;

d.  whether Defendants correctly compensated Plaintiff and the Rule 23 Class for hours worked in excess of 40 hours per workweek;

e.  whether Defendants failed to provide Plaintiff and the Rule 23 Class with spread-of-hours pay when the length of their workday was greater than 10 hours;

f.  whether Defendants misappropriated tips from Plaintiff and the Rule 23 Class by demanding, handling, pooling, counting, distributing, accepting, and/or retaining tips paid by customers that were intended for Plaintiff and the Rule 23 Class, and which customers reasonably believed to be gratuities for Plaintiff and the Rule 23 Class;

g.  whether Defendants distributed or retained a portion of the tips paid by customers to workers who are not entitled to receive tips under the NYLL;

h.  whether Defendants made unlawful deductions from the wages of Plaintiff and the Rule 23 Class, including, but not limited to, deductions for house fees and fines, cash out fees, and mandatory tip outs, in violation of the NYLL;

i.  whether Defendants failed to reimburse Plaintiff and the Rule 23 Class for uniform-related expenses in violation of the NYLL;

j.  whether Defendants failed to keep true and accurate time and pay records for all hours worked by Plaintiff and the Rule 23 Class, and other records required by the NYLL;

k.  whether Defendants failed to furnish Plaintiff and the Rule 23 Class with proper annual wage notices, as required by the NYLL;

l.  whether Defendants failed to furnish Plaintiff and the Rule 23 Class with proper statements with every payment of wages, as required by the NYLL;

m.  whether Defendants' policy of failing to pay workers was instituted willfully or with reckless disregard of the law; and

n.  the nature and extent of class-wide injury and the measure of damages for those injuries.

104.     The claims of Plaintiff are typical of the claims of the Rule 23 Class they seek to represent. Plaintiff and all of the Rule 23 Class members work, or have worked, for Defendants

as entertainers at Sapphire in New York. Plaintiff and the Rule 23 Class members enjoy the same statutory rights under the NYLL, including to be properly compensated for all hours worked, to be paid spread-of-hours pay, to retain customer tips, to not have unlawful deductions made from their wages, and to be reimbursed for uniform-related expenses. Plaintiff and the Rule 23 Class members have all sustained similar types of damages as a result of Defendants' failure to comply with the NYLL. Plaintiff and the Rule 23 Class members have all been injured in that they have been uncompensated or under-compensated due to Defendants' common policies, practices, and patterns of conduct.

105. Plaintiff will fairly and adequately represent and protect the interests of the members of the Rule 23 Class. Plaintiff understands that as class representatives, she assumes a fiduciary responsibility to the class to represent its interests fairly and adequately. Plaintiff recognizes that as class representatives, she must represent and consider the interests of the class just as they would represent and consider their own interests. Plaintiff understands that in decisions regarding the conduct of the litigation and its possible settlement, she must not favor her own interests over the class. Plaintiff recognizes that any resolution of a class action must be in the best interest of the class. Plaintiff understands that in order to provide adequate representation, they must be informed of developments in litigation, cooperate with class counsel, and testify at deposition and/or trial. Plaintiff has retained counsel competent and experienced in complex class actions and employment litigation. There is no conflict between Plaintiff and the Rule 23 members.

106. In recognition of the services Plaintiff has rendered and will continue to render to the Rule 23 Class, Plaintiff will request payment of service awards upon resolution of this action.

107.    A class action is superior to other available methods for the fair and efficient adjudication of this litigation.  The members of the Rule 23 Class have been damaged and are entitled to recovery as a result of Defendants' violations of the NYLL, as well as their common and uniform policies, practices, and procedures.  Although the relative damages suffered by individual Rule 23 Class members are not *de minimis,* such damages are small compared to the expense and burden of individual prosecution of this litigation.  The individual Plaintiff lacks the financial resources to conduct a thorough examination of Defendants' timekeeping and compensation practices and to prosecute vigorously a lawsuit against Defendants to recover such damages.  In addition, class litigation is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

108.    This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).

### CLASS-WIDE FACTUAL ALLEGATIONS

109.    Plaintiff and the members of the Rule 23 Class and the FLSA Collective (collectively "Class Members") have been victims of a common policy and plan perpetrated by Defendants that have violated their rights under the FLSA and the NYLL by denying them a minimum wage, proper overtime compensation, spread-of-hours pay, tips, uniform-related expenses, and proper wage notices and wage statements.

110.    At all times, Defendants' unlawful conduct, policies, and patterns or practices described in this Class Action Complaint have been willful.

### Wage and Hour Violations

111.    As part of their regular business practice, Defendants have intentionally, willfully and repeatedly harmed Plaintiff and Class Members by engaging in a pattern, practice, *and/or*

policy of violating the FLSA and the NYLL as described in this Class Action Complaint. This pattern, practice, and/or policy includes, but is not limited to the following:

    a.  failing to pay Plaintiff and Class Members at least the applicable minimum hourly wage rate free and clear under the FLSA and the NYLL for all hours worked;

    b.  failing to pay Plaintiff and Class Members proper overtime compensation for the hours they worked in excess of 40 hours in a workweek;

    c.  failing to pay Plaintiff and Class Members spread-of hours pay for workdays of 10 hours or more;

    d.  unlawfully demanding, retaining, and receiving portions of the tips that Plaintiff and Class Members earned;

    e.  requiring Plaintiff and the Class Members to share their tips with management, agents of management, and/or other employees who are not busboys or similar employees, and/or who are not in customarily tipped positions, and/or who have no, or virtually no, customer service duties;

    f.  refusing to exchange club script that customers used to tip Plaintiff and Class Members for cash;

    g.  making deductions from Plaintiff's and Class Members' wages, including but not limited to, deductions for house fees, fines, club scrip cash out fees, and mandatory tip outs;

    h.  failing to reimburse Plaintiff and Class Members for their uniform expenses, including the cost of laundering and maintaining their uniforms;

    i.  failing to pay Plaintiff and the Class Members the NYLL statutory rate for laundering and maintenance of their uniforms

j. failing to keep accurate and adequate records of tips and wages paid to Plaintiff and Class Members, deductions taken from their tips and wages, allowances or other credits taken by Defendants, and hours worked by Plaintiff and Class Members as required by the FLSA and the NYLL;

k. failing to comply with the posting and/or notice requirements of the FLSA and the NYLL;

112. Upon information and belief, Defendants' unlawful conduct described in this Class Action Complaint has been pursuant to a corporate policy or practice of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

113. Defendants' unlawful conduct has been widespread, repeated, and consistent.

114. Defendants' unlawful conduct, as set forth in this Class Action Complaint, has been intentional, willful, and in bad faith, and has caused significant damages to Plaintiff and Class Members. Defendants were aware or should have been aware that the practices described in this Class Action Complaint were unlawful. Defendants have not made a good faith effort to comply with the law with respect to the compensation of Plaintiff and Class Members.

115. Because Defendants' violations of the FLSA have been willful a three-year statute of limitations applies pursuant to 29 U.S.C. § 255.

116. Defendants' deceptive conduct - including, but not limited to, taking steps to lead Plaintiff and Class Members to believe that they were independent contractors and not employees - prevented Plaintiff and Class Members from discovering or asserting their claims any earlier than they did. As such, Plaintiff and Class Members are entitled to equitable tolling.

**Supervision and Control of Plaintiff and Class Members**

117. Defendants have had the power to hire and fire Plaintiff and Class Members.

118.     Plaintiff and Class Members were required to audition for the House Mom, Host and other Sapphire personnel in order to be hired.

119.     After they were hired, Defendants required Plaintiff and Class Members' to attend an orientation where the club's policies and procedures were reviewed.

120.     Defendants have supervised and controlled Plaintiff and Class Members' schedules and conditions of work.

121.     Defendants have implemented rules that governed Plaintiff's and Class Members' working conditions.

122.     Among other things, Defendants have required Plaintiff and Class Members to:

a.   work a minimum of three shifts per week;

b.   work on certain days of the weeks and at certain times according to a schedule set by Sapphire;

c.   pay a fine if they arrive late to work or do not work a scheduled shift;

d.   be present and work until the end of the shift, even if no customers were present;

e.   dance on stage, even if no customers were present, in case a customer walked in;

f.   wear certain types of uniforms and hairstyles;

g.   wear certain types of shoes;

h.   maintain a certain distance between the customer and the entertainer while performing a dance;

i.   remain dressed in their uniforms until the end of their shifts;

j.   dance on stage for when called by the DJ and remain on stage until the next entertainer arrives;

k.   sign in when arriving for their shift and sign out upon leaving;

l.   share tips with other employees, such as the House Mom, DJ, Host, Bartender and Hairstylist; pay house fees; and

m.   pay a cash out fee of approximately 20% when exchanging club scrip ("Funny Money") into cash.

123.     Among other things, Defendants prohibited Plaintiff and Class Members from:

a.   wearing certain types of uniforms or hairstyles;

b.   changing into street clothes before the end of their shift;

c.   using glitter;

d.   wearing the same uniform multiple times in a week;

e.   carrying cell phones on the dance floor;

f.   chewing gum while at work;

g.   leaving the stage before the next entertainer arrived; and

h.   discussing the club's operating procedures with customers, including the terms of their compensation or payment.

124.     Defendants determined the rate and method of payment of Plaintiff and Class Members, including but not limited to the percentage of tips that Sapphire would retain and the fact that the Plaintiff and Class Members would not receive any minimum wages.

125.     Defendants maintained employment records for Plaintiff and Class Members.

### PLAINTIFF'S FACTUAL ALLEGATIONS

126.     Consistent with their policies and patterns or practices as described herein, Defendants harmed Plaintiff, individually, as follows:

127.     Defendants did not pay Ms. Nutter the proper minimum wages, overtime wages, and spread-of-hours pay for all of the time that she was suffered or permitted to work each workweek.

128.     Throughout her employment, Defendants did not pay Ms. Nutter any hourly wages.

129.     During her employment, Ms. Nutter generally worked an average of approximately three to five shifts per week from approximately 5-11:00 p.m. to 4:00 a.m., though there were weeks when she worked more than five shifts in a week.

130.     Defendants suffered or permitted Ms. Nutter to work over 40 hours per week as an entertainer, up to a maximum of approximately 45 hours per week. During such workweeks, Defendants did not compensate Ms. Nutter at time and one-half the full minimum wage rate for all of the overtime hours she worked.

131.     Defendants did not pay Ms. Nutter one additional hour of pay at the basic minimum hourly rate for all of the times that the length of the interval between the beginning and end of her workday - including working time plus time off for meals plus intervals off duty – was greater than 10 hours.

132.     Defendants did not allow Ms. Nutter to retain all of the tips she earned.

133.     Defendants unlawfully demanded, handled, pooled, counted, distributed, accepted, and/or retained portions of the tips that Ms. Nutter earned.

134.     Defendants unlawfully redistributed part of Ms. Nutter's tips to employees who are in positions that are not entitled to tips under the FLSA and/or the NYLL, such as the Host, "House Moms" and DJ s.

135.     Defendants made unlawful deductions from Ms. Nutter's wages, including, but not limited to, deductions for house fees and using the private rooms, fines, club scrip cash out fees, and mandatory tip outs.

136.     Defendants required Ms. Nutter to purchase and wear a uniform that: (a) could not be worn as part of Ms. Nutter's ordinary wardrobe; (b) was not made of "wash and wear" materials; (c) could not be routinely washed and dried with other personal garments; and (d) required ironing, dry cleaning, daily washing, and/or other special treatment. Defendants did not launder and/or maintain Ms. Nutter's mandatory uniform, pay Ms. Nutter the required weekly amount for uniform maintenance in addition to the required minimum wage, or reimburse Ms. Nutter for uniform-related expenses.

137.     Defendants did not keep accurate records of wages or tips earned, or of hours worked by Ms. Nutter.

138.     Defendants failed to furnish Ms. Nutter with proper annual wage notices, as required by the NYLL.

139.     Defendants failed to furnish Ms. Nutter with a proper statement with every payment of wages, as required by the NYLL.

## FIRST CAUSE OF ACTION
### Fair Labor Standards Act - Minimum Wages
### (Brought on behalf of Plaintiff Kamilya Nutter and the FLSA Collective)

140.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

141.     Defendants have engaged in a widespread pattern, policy, and practice of violating the FLSA, as detailed in this Class Action Complaint.

142.     Plaintiff has consented in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b).

143.     At all times relevant, Plaintiff and the members of the FLSA Collective were employed by an entity engaged in commerce and/or the production or sale of goods for commerce within the meaning of 29 U.S.C. §§ 201 *et seq.,* and/or they were engaged in commerce and/or the production or sale of goods for commerce within the meaning of 29 U.S.C. §§ 201 *et seq.*

144.     At all times relevant, Plaintiff and the members of the FLSA Collective were or have been employees within the meaning of 29 U.S.C. §§ 201 *et seq.*

145.     At all times relevant, Defendants have been employers of Plaintiff and the members of the FLSA Collective, engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 201 *et seq.*

146.     The minimum wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.,* and the supporting federal regulations, apply to Defendants and protect Plaintiff and the members of the FLSA Collective.

147.     Defendants have failed to pay Plaintiff and the members of the FLSA Collective the minimum wages to which they are entitled under the FLSA.

148.     Defendants' unlawful conduct, as described in this Class Action Complaint, has been willful and intentional. Defendants were aware or should have been aware that the practices described in this Class Action Complaint were unlawful. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff and the members of the FLSA Collective.

149.     Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. §§ 201 *et seq.*

150.    As a result of Defendants' willful violations of the FLSA, Plaintiff and the members of the FLSA Collective have suffered damages by being denied minimum wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. §§ 201 *et seq.*

### SECOND CAUSE OF ACTION
**Fair Labor Standards Act - Overtime Wages**
**(Brought on behalf of Plaintiff Kamilya Nutter and the FLSA Collective)**

151.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

152.    The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.,* and the supporting federal regulations, apply to Defendants and protect Plaintiff and the members of the FLSA Collective.

153.    Defendants have failed to pay Plaintiff and the members of the FLSA Collective the premium overtime wages to which they are entitled under the FLSA for all hours worked beyond 40 per workweek.

154.    Defendants' unlawful conduct, as described in this Class Action Complaint, has been willful and intentional. Defendants were aware or should have been aware that the practices described in this Class Action Complaint were unlawful. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff and the members of the FLSA Collective.

155.    Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. §§ 201 *et seq.*

156.     As a result of Defendants' willful violations of the FLSA, Plaintiff and the members of the FLSA Collective have suffered damages by being denied overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. §§ 201 *et seq.*

### THIRD CAUSE OF ACTION
**New York Labor Law - Minimum Wages**
**(Brought on behalf of Plaintiff and the members of the Rule 23 Class)**

157.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

158.     Defendants have engaged in a widespread pattern, policy, and practice of violating the NYLL, as detailed in this Class Action Complaint.

159.     At all times relevant, Plaintiff and the members of the Rule 23 Class have been employees of Defendants, and Defendants have been employers of Plaintiff and the members of the Rule 23 Class within the meaning of the NYLL §§ 650 *et seq.,* and the supporting New York State Department of Labor Regulations.

160.     At all times relevant, Plaintiff and the members of the Rule 23 Class have been covered by the NYLL.

161.     The minimum wage provisions of Article 19 of the NYLL and the supporting New York State Department of Labor Regulations apply to Defendants, and protect Plaintiff and the members of the Rule 23 Class.

162.     Defendants have failed to pay Plaintiff and the members of the Rule 23 Class the minimum hourly wages to which they are entitled under the NYLL and the supporting New York State Department of Labor Regulations.

163. Pursuant to the NYLL, Article 19, §§ 650 *et seq.,* and the supporting New York State Department of Labor Regulations, Defendants have been required to pay Plaintiff and the members of the Rule 23 Class the full minimum wage at a rate of: (a) $7.15 per hour for all hours worked from December 24, 2008 to July 23, 2009; and (b) $7.25 per hour for all hours worked from July 24, 2009 through December 30, 2013; (c) $8.00 per hour for all hours worked from December 31, 2013 through December 30, 2014; and (d) $8.75 per hour for all hours worked from December 31, 2014 through the present.

164. Through their knowing or intentional failure to pay minimum hourly wages to Plaintiff and the members of the Rule 23 Class, Defendants have willfully violated the NYLL, Article 19, §§ 650 *et seq.,* and the supporting New York State Department of Labor Regulations.

165. Due to Defendants' willful violations of the NYLL, Plaintiff and the members of the Rule 23 Class are entitled to recover from Defendants their unpaid minimum wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and prejudgment and post-judgment interest.

### FOURTH CAUSE OF ACTION
### New York Labor Law - Unpaid Overtime
### (Brought on behalf of Plaintiff and the members of the Rule 23 Class)

166. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

167. The overtime wage provisions of Article 19 of the NYLL and its supporting regulations apply to Defendants, and protect Plaintiff and the members of the Rule 23 Class.

168. Defendants have failed to pay Plaintiff and the members of the Rule 23 Class the premium overtime wages to which they are entitled under the NYLL and the supporting New York State Department of Labor Regulations for all hours worked beyond 40 per workweek.

169.     Defendants have failed to keep, make, preserve, maintain, and furnish accurate records of time worked by Plaintiff and the members of the Rule 23 Class.

170.     Through their knowing or intentional failure to pay Plaintiff and the members of the Rule 23 Class overtime wages for hours worked in excess of 40 hours per workweek, Defendants have willfully violated the NYLL, Article 19, §§ 650 *et seq.,* and the supporting New York State Department of Labor Regulations.

171.     Due to Defendants' willful violations of the NYLL, Plaintiff and the members of the Rule 23 Class are entitled to recover from Defendants their unpaid overtime wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

### FIFTH CAUSE OF ACTION
### New York Labor Law - Spread-of-Hours Pay
### (Brought on behalf of Plaintiff and the members of the Rule 23 Class)

172.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

173.     Defendants have failed to pay Plaintiff and the members of the Rule 23 Class additional compensation of one hour's pay at the basic minimum hourly wage rate for each day that the length of the interval between the beginning and end of their workday – including working time plus time off for meals plus intervals off duty - was greater than 10 hours.

174.     Through their knowing or intentional failure to pay Plaintiff and the members of the Rule 23 Class spread-of-hours pay, Defendants have willfully violated the NYLL, Article 19, §§ 650 *et seq.,* and the supporting New York State Department of Labor Regulations.

175.     Due to Defendants' willful violations of the NYLL, Plaintiff and the members of the Rule 23 Class are entitled to recover from Defendants their unpaid spread-of-hours wages,

liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and prejudgment and post-judgment interest.

**SIXTH CAUSE OF ACTION**
**New York Labor Law -Tip Misappropriation**
**(Brought on behalf of Plaintiff and the members of the Rule 23 Class)**

176.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

177.     At all times relevant, Plaintiff and the members of the Rule 23 Class have been employees within the meaning of NYLL, Article 6, §§ 190 *et seq.,* and the supporting New York State Department of Labor Regulations.

178.     At all times relevant, each Defendant has been an employer within the meaning of the NYLL, Article 6, § § 190 *et seq.,* and the supporting New York State Department of Labor Regulations.

179.     The wage payment provisions of Article 6 of the NYLL, and the supporting New York State Department of Labor Regulations, apply to Defendants, and protect Plaintiff and the members of the Rule 23 Class.

180.     Defendants have unlawfully demanded or accepted, directly or indirectly, part of the gratuities received by Plaintiff and the members of the Rule 23 Class in violation of NYLL, Article 6, § 196-d, and the supporting New York State Department of Labor Regulations.

181.     Defendants have unlawfully retained part of the gratuities earned by Plaintiff and the members of the Rule 23 Class in violation of NYLL, Article 6, § 196-d, and the supporting New York State Department of Labor Regulations.

182.     Defendants have required Plaintiff and the members of the Rule 23 Class to share part of the gratuities they received with employees other than waiters, servers, bussers, or similar

employees, in violation of NYLL, Article 6 § 196-d, and the supporting New York State Department of Labor Regulations.

183.     Through their knowing or intentional demand for, acceptance of, and/or retention of gratuities received by Plaintiff and the members of the Rule 23 Class, Defendants have willfully violated the NYLL, Article 6, § 196-d, and the supporting New York State Department of Labor Regulations, including, but not limited to, the regulations in 12 N.Y.C.R.R. Part 137 and Part 146.

184.     Due to Defendants' willful violations of the NYLL, Plaintiff and the members of the Rule 23 Class are entitled to recover from Defendants the value of the misappropriated gratuities, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment interest.

### SEVENTH CAUSE OF ACTION
**New York Labor Law - Unlawful Deductions from Wages**
**(Brought on behalf of Plaintiff and the members of the Rule 23 Class)**

185.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

186.     Defendants have made unlawful deductions from the wages of Plaintiff and the members of the Rule 23 Class, including, but not limited to, deductions for house fees, fines, club scrip cash out fees, and mandatory tip outs.

187.     The deductions made from the wages of Plaintiff and the members of the Rule 23 Class have not been authorized or required by law.

188.     The deductions made from the wages of Plaintiff and the members of the Rule 23 Class have not been expressly authorized in writing by Plaintiff and the members of the Rule 23 Class, and have not been for the benefit of Plaintiff and the members of the Rule 23 Class.

189.     Through their knowing or intentional efforts to permit unauthorized deductions from the wages of Plaintiff and the members of the Rule 23 Class, Defendants have willfully violated NYLL, Article 6, §§ 190 *et seq.,* and the supporting New York State Department of Labor Regulations.

190.     Due to Defendants' willful violations of the NYLL, Plaintiff and the members of the Rule 23 Class are entitled to recover from Defendants the amounts of any unlawful deductions, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and prejudgment and post-judgment interest.

### EIGHTH CAUSE OF ACTION
### New York Labor Law - Uniform Violations
### (Brought on behalf of Plaintiff and the members of the Rule 23 Class)

191.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

192.     Defendants have required Plaintiff and the members of the Rule 23 Class to wear a uniform consisting of clothing that is not ordinary basic street clothing selected by Plaintiff and the members of the Rule 23 Class, and that may not be worn as part of Plaintiff's and the members of the Rule 23 Class' ordinary wardrobe.

193.     Defendants have failed to reimburse Plaintiff and the members of the Rule 23 Class for the costs of purchasing mandatory uniforms.

194.     Defendants have failed to launder and/or maintain mandatory uniforms for Plaintiff and the members of the Rule 23 Class, and have failed to pay Plaintiff and the members of the Rule 23 Class the required weekly amount for uniform maintenance in addition to the required minimum wage.

195.     Through their knowing or intentional failure to pay and/or reimburse Plaintiff and the members of the Rule 23 Class for mandatory uniform-related expenses, Defendants have willfully violated NYLL, Article 6, §§ 190 *et seq.,* and the supporting New York State Department of Labor Regulations.

196.     Due to Defendants' willful violations of the NYLL, Plaintiff and the members of the Rule 23 Class are entitled to recover from Defendants the costs of purchasing and maintaining their uniforms, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

## NINTH CAUSE OF ACTION
### New York Labor Law - Failure to Provide Proper Annual Wage Notices
### (Brought on behalf of Plaintiff and the members of the Rule 23 Class)

197.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

198.     Defendants have willfully failed to furnish Plaintiff and the members of the Rule 23 Class with wage notices as required by NYLL, Article 6, § 195(1), in English or in the language identified by each employee as their primary language, at the time of hiring, and on or before February first of each subsequent year of the employee's employment with the employer, a notice containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

199.     Through their knowing or intentional failure to provide Plaintiff and the members of the Rule 23 Class with the wage notices required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 *et seq.,* and the supporting New York State Department of Labor Regulations.

200.     Due to Defendants' willful violations of NYLL, Article 6, § 195(1), Plaintiff and the members of the Rule 23 Class are entitled to statutory penalties of fifty dollars for each workweek that Defendants failed to provide Plaintiff and the members of the Rule 23 Class with wage notices, or a total of twenty-five hundred dollars each, reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-b).

## TENTH CAUSE OF ACTION
### New York Labor Law - Failure to Provide Proper Wage Statements
### (Brought on behalf of Plaintiff and the members of the Rule 23 Class)

201.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

202.     Defendants have willfully failed to furnish Plaintiff and the members of the Rule 23 Class with statements with every payment of wages as required by NYLL, Article 6, § 195(3), listing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; and the number of regular and overtime hours worked.

203.     Through their knowing or intentional failure to provide Plaintiff and the members of the Rule 23 Class with the accurate wage statements required by the NYLL, Defendants have

willfully violated NYLL, Article 6, § § 190 *et seq.,* and the supporting New York State Department of Labor Regulations.

204.      Due to Defendants' willful violations of NYLL, Article 6, § 195(3), Plaintiff and the members of the Rule 23 Class are entitled to statutory penalties of one hundred dollars for each workweek that Defendants failed to provide Plaintiff and the members of the Rule 23 Class with accurate wage statements, or a total of twenty-five hundred dollars each, reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(l-d).

**WHEREFORE,** Plaintiff, individually, and on behalf of all other similarly situated persons, respectfully request that this Court grant the following relief:

A.  Plaintiff be allowed to give notice of this collective action, or that the Court issue such notice, to all entertainers (dancers) who are presently working, or have at any time during the six years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice, worked at Sapphire.  Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

B.  Unpaid minimum wages, overtime pay, and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor Regulations;

C.  Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

D.  Designation of Plaintiff as representative of the Rule 23 Class and counsel of record as Class Counsel;

E. Payment of reasonable service awards to Plaintiff, in recognition of the services she has rendered and will continue to render to the FLSA Collective and Rule 23 Class, and the risks she has taken on behalf of the FLSA Collective and Rule 23 Class;

F. Issuance of a declaratory judgment that the practices complained of in this Class Action Complaint are unlawful under the NYLL, Article 6, § § 190 *et seq.,* NYLL, Article 19, § § 650 *et seq.,* and the supporting New York State Department of Labor Regulations;

G. Unpaid minimum wages, overtime pay, spread-of-hours pay, misappropriated gratuities, unlawful deductions, uniform-related expenses, and liquidated damages permitted by law pursuant to the NYLL and the supporting New York State Department of Labor Regulations;

H. Statutory penalties of fifty dollars for each workweek that Defendants failed to provide Plaintiff and the members of the Rule 23 Class with proper annual wage notices, or a total of twenty-five hundred dollars each, as provided for by NYLL, Article 6 § 198;

I. Statutory penalties of one hundred dollars for each workweek that Defendants failed to provide Plaintiff and the members of the Rule 23 Class with proper wage statements, or a total of twenty-five hundred dollars each, as provided for by NYLL, Article 6 § 198;

J. Prejudgment and post-judgment interest;

K. An injunction requiring Defendants to pay all statutorily required wages and cease the unlawful activity described herein pursuant to the NYLL;

L. Reasonable attorneys' fees and costs of the action; and

M. Such other relief as this Court shall deem just and proper.

Dated: New York, New York
March 3, 2015

Respectfully,

Frank R. Schirripa, Esq.

**HACH ROSE SCHIRRIPA &
CHEVERIE LLP**

Michael A. Rose, Esq.
Frank R. Schirripa, Esq.
John A. Blyth, Esq.
185 Madison Avenue, 14th Floor
New York, New York 10016
Telephone: (212) 213-8311
Facsimile (212) 779-0028

-and-

**HARFENIST KRAUT & PERLSTEIN
LLP**

Steven J. Harfenist, Esq.
3000 Marcus Avenue, Suite 2E1
Lake Success, New York 11042
Telephone: (516) 355-9600
Facsimile: (516) 355-9601

*Attorneys for Plaintiff and
the Putative Class*